**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRIAN JURDEN an individual,** <br> **on behalf of himself and others similarly** <br> **situated,** ) <br> ) <br> ) <br> ) | CIVIL ACTION <br><br> CASE NO. 2:15-CV-2833 |
| Plaintiff, ) <br> ) | JUDGE: |
| vs. ) <br> ) | |
| ) | MAGISTRATE JUDGE: |
| **UTZ QUALITY FOODS, INC.** ) <br> ) | |
| ) | **COLLECTIVE ACTION COMPLAINT** |
| Defendant. ) | **FOR VIOLATIONS OF THE FAIR** |
| ) | **LABOR STANDARDS ACT** |
| ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| ) | |
| ) | |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

Plaintiff Brian Jurden ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Utz Quality Foods, Inc. ("Utz" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).  The following allegations are based on personal knowledge as to Plaintiff's own experiences and the conduct and acts of others.

## INTRODUCTION

This is an action brought by Plaintiff, individually and as a putative representative for a collective action, against his employer Utz Quality Foods, Inc., for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  Plaintiff and the putative class members

were not paid overtime for any hours worked over forty (40) per week, even though they were "non-exempt" employees, and thus entitled to such wages under federal law.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this Division and District and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

3.      Plaintiff brings this action collectively for the following persons:  "All workers who were employed by Defendant Utz as a route delivery driver, route salesman, or similar position ("Route Driver"), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years."

4.      Brian Jurden is an adult individual residing in Licking County, Ohio.  Mr. Jurden is employed by Defendant Utz as a Route Driver and performs work for Utz in the State of Ohio and in this District.

5.      Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

6.      Defendant Utz is a for-profit Pennsylvania corporation that maintains its principal place of business in Hanover, Pennsylvania.  Defendant Utz can be served through its registered statutory agent, Registered Agent Solutions, Inc., 4568 Mayfield Road, Suite 204, Cleveland, Ohio 44121.

7.      During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

8.      During all times material to this Complaint, Plaintiff and the putative class members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

9.      Defendant Utz is in the business of producing and distributing various snack foods.

10.     Defendant Utz employs Route Drivers, who deliver Utz's products and other snack products to its customers including chain retail grocery stores.

11.     Plaintiff is a Route Driver currently employed by Utz.

12.     Utz has a fleet of delivery vehicles for its Route Drivers to use in delivering Utz's products and other products to its customers.  That fleet consists of trucks that weigh 10,000 pounds or less ("Small Trucks").

13.     Plaintiff and the putative class members all drove Small Trucks during at least part of a workweek within the last three years.

14.     At all relevant times, Plaintiff and the putative class members were non-exempt employees and entitled to be paid for all hours worked and at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

15.     The primary duties of Route Drivers, including Plaintiff, are driving a truck, delivering Utz's products, placing orders by hitting buttons on their handheld devices, removing

expired products, loading and unloading their trucks, and stocking shelves, among other non-exempt tasks.

16.     Route Drivers, including Plaintiff, are not paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek.

17.     Utz has a large sales force including, but not limited to:  a Senior Vice President of Sales; a Vice President of Corporate Brands; a Vice President of National Brands; a Vice President for Sales and Marketing; a Senior Vice President of Business Development; a Vice President of Key Accounts; multiple Sales Operations Directors; multiple Business Development Managers; multiple Senior Category Directors; multiple Sales Managers of Mass and Club Accounts; multiple Regional Sales Managers; multiple District Sales Managers; and multiple Sales Supervisors. Collectively, these employees, and not Route Drivers, are referred to as "the Sales Force" in this Complaint.

18.     Route Drivers, including Plaintiff, are assigned designated routes to which they deliver Utz's products and other products to established customers day after day or week after week.  Customer orders delivered by Route Drivers are based on the volume of the customer's sales.  Reordering decisions are based on anticipated sales of Utz's products or other products by its customers.

19.     Most of Utz's revenue is generated from retail chain customers such as Walmart, Giant and Safeway.  Upon information and belief more than 60% of Utz's revenue is generated from such retail chain customers.

20.     One or more members of the Sales Force is assigned by Utz to its retail chain customers.

21.     The amount of shelf space to which Utz is entitled in a retail chain customer's store, and other stores, is negotiated by the Sales Force, and not Route Drivers, and is memorialized through "plan-o-grams" and/or merchandising plans and/or similar documents.  Route Drivers are not permitted to vary from these "plan-o-grams" and/or merchandising plans and/or similar documents in utilizing shelf space to stock shelves.

22.     Utz's Sales Force, and not Route Drivers, negotiate with Utz's retail chain customers, among others, concerning:  the initial or continued right to carry Utz's products in the customer's store; the price for Utz's products; if and when a product promotion will run; how Utz's products are advertised; the terms of a product promotion; how much shelf space is allocated for products; authorization for new items; authorization for price changes; which of Utz's products are carried by the customer; and/or, where Utz products are placed in a store, among other things.

23.     Route Drivers, including Plaintiff, routinely work in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

25.     Plaintiff brings this action on behalf of himself and all workers who were and/or are employed by Defendant Utz as a Route Driver (or similar position), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years.

26.      This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees

are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

27.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLAIM FOR RELIEF

**Violation of Fair Labor Standards Act ("FLSA")**
**(Collective Action)**

28.     Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

29.     Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

30.     As employees for Defendant, Plaintiff and the putative class members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

31.     Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

32.     Throughout Plaintiff's and the putative class members' employment, Defendant has known that Plaintiff and the putative class members were not exempt from the wage and overtime obligations imposed by the FLSA.  Defendant knew that it was required to pay Plaintiff and the putative class members for all hours worked.  In spite of such knowledge, Defendant willfully

withheld and failed to pay the wages and overtime compensation to which Plaintiff and the putative class members were entitled.

33.     Pursuant to the FLSA, Plaintiff and the putative class members were entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times their regular rate.  Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative class members are entitled to these wages dating back three years.

34.     The identity of all the putative class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records.  Plaintiff are entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

35.     The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

36.     The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.  Plaintiff and those similarly situated to him are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant.  Absent Defendant keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

37.     Defendant's failure to pay Plaintiff and the putative class members compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA.  Pursuant to 20 U.S.C. § 216(b),

Plaintiff and the putative class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

38.     Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff and the putative class members proper compensation.  As such, Plaintiff and the putative class members are entitled to attorney fees and costs incurred pursuant to 28 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendant as follows:

1.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

3.     Awarding Plaintiff and the putative class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

4.     For a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

5.     Awarding Plaintiff and the putative class members their reasonable costs and attorney fees necessarily incurred herein; and

6.     Awarding Plaintiff and the putative class members such other and further relief as the Court deems just and proper.

Respectfully submitted,

NILGES DRAHER LLC

*/s/Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio 44718
Telephone:     (330) 470-4428
Facsimile:      (330) 754-1430
Email:          hans@ohlaborlaw.com
                sdraher@ohlaborlaw.com


Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com

*Counsel for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges