UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON SWIGER and JULIO CRUZ, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UTZ QUALITY FOODS, INC.,<br><br>    Defendant. | Case No. 2:15-CV-2833<br><br>Judge Gregory L. Frost<br><br>Magistrate Judge Terrence P. Kemp |

## JOINT MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Jason Swiger and Julio Cruz (collectively "Named Plaintiffs") and Utz Quality Foods, Inc. ("Defendant") jointly and respectfully move this Honorable Court for an Order transferring this action to the United States District Court for the Middle District of Pennsylvania "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." In support of their motion, the Named Plaintiffs and Defendant rely upon the accompanying Memorandum of Law, the contents of which are incorporated herein by reference.

Dated: November 16, 2015

Respectfully submitted,

/s/ Anthony Lazzaro (per 11/16/15 email authority)
Hans A. Nilges (0076017)
hans@ohlaborlaw.com
Shannon M. Draher (0074304)
sdraher@ohlaborlaw.com
NILGES DRAHER LLC
4580 Stephen Circle, N.W.
Suite 201
Canton, OH 44718
Telephone: 330.471.4428
Facsimile: 330.754-1430

/s/ Erik J. Clark
Douglas R. Cole (0070665)
drcole@organcole.com
Erik J. Clark (0078732)
*Trial Attorney*
ejclark@organcole.com
ORGAN COLE LLP
1330 Dublin Road
Columbus, OH 43215
Telephone: 614.481.0900
Facsimile: 614.481.0904

| | |
|---|---|
| Anthony J. Lazzaro (0077962)<br>anthony@lazzarolawfirm.com<br>THE LAZZARO LAW FIRM, LLC<br>920 Rockefeller Building<br>614 W. Superior Avenue<br>Cleveland, OH  44113<br>Telephone: 216.696.5000<br>Facsimile: 216.696.7005<br><br>*Attorneys for Plaintiffs* | Christopher J. Moran<br> *pro hac vice application forthcoming*<br>moranc@pepperlaw.com<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Street<br>Philadelphia, PA  19103-2799<br>Telephone: 215.981.4169<br>Facsimile: 215.981.4750<br><br>*Attorneys for Defendant Utz Quality Foods, Inc.* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON SWIGER and JULIO CRUZ, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UTZ QUALITY FOODS, INC.,<br><br>    Defendant. | Case No. 2:15-CV-2833<br><br>Judge Gregory L. Frost<br><br>Magistrate Judge Terrence P. Kemp |

### MEMORANDUM IN SUPPORT OF JOINT MOTION TO TRANSFER VENUE

### INTRODUCTION

This is a putative collective action lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). Plaintiffs Jason Swiger, a former Route Sales Professional ("RSP") for Utz Quality Foods, Inc. ("Utz" or "Defendant"), and Julio Cruz, a current RSP for Utz (collectively "Named Plaintiffs"), seek to assert claims for unpaid overtime compensation on behalf of themselves and a nationwide class of current and former RSPs who may opt into this case pursuant to 29 U.S.C. § 216(b). Second Amended Complaint ("SAC"), Docket No. 23, at "Introduction." Named Plaintiffs allege that they and other class members were not paid overtime for any hours worked over forty (40) per work week, and that they were "non-exempt" employees under the FLSA and, thus, entitled to overtime compensation. (*Id.* at ¶ 3). Utz vigorously contests Named Plaintiffs' claims and has asserted, in its Answer and Defenses which is being filed contemporaneously with this Motion, that Named Plaintiffs and all other RSPs are exempt from overtime requirements under the "outside sales" exemption of the FLSA.

1

Named Plaintiffs and Defendant (collectively the "Parties") have jointly filed this motion because, although Plaintiffs filed this action in the United States District Court for the Southern District of Ohio, for the reasons set forth below, the United States District Court for the Middle District of Pennsylvania is now a more appropriate venue.  Accordingly, the Parties jointly and respectfully request that this Court transfer this action to the Middle District of Pennsylvania.

## FACTUAL BACKGROUND

Named Plaintiffs seek to bring this action as a collective action under federal law for a nationwide class of RSPs.  Defendant asserts that RSPs are a territory-based salesforce paid on a commission basis and employed in the capacity of outside driver-sales persons, whose principal and most important duty is selling a variety of Utz snacks products to retailers/customers within an assigned territory.  Declaration of Jeff Martin ("Decl.") ¶ 7, attached hereto as Exhibit "A."  Accordingly, Defendant maintains that RSPs are exempt from the overtime requirements of the FLSA under the outside sales exemption.  Named Plaintiffs disagree, and assert that "[t]he primary duties of RSPs, including Plaintiffs, are driving a truck, delivering Utz's products, placing orders by hitting buttons on their handheld devices, removing expired products, loading and unloading their trucks, and stocking shelves, among other non-exempt tasks."  SAC ¶ 18.  Accordingly, Named Plaintiffs maintain that RSPs are not exempt from the overtime requirements of the FLSA under the outside sales exemption.

This action was initially commenced by a single named plaintiff, Brian Jurden, a current Utz RSP who resides in Licking County, Ohio.  The complaint was later amended, as of right, to add one current and one former Utz RSP, neither of whom are Ohio residents.  Both the initial and the Amended Complaint defined the putative class as RSPs who drove "Small Trucks," *i.e.,* delivery trucks that have a gross vehicle weight rating of 10,000 pounds or less.  Somecourts

2

have held that drivers of larger trucks, *i.e.,* those that have a gross vehicle weight rating of over 10,000 pounds, are subject to the Motor Carrier Act exemption from the overtime requirements of the FLSA, as set forth in 29 U.S.C. § 213(b)(1).

Prior to working for Utz as an RSP, Mr. Jurden had worked for Shearer's Foods, Inc. ("Shearer's"), which is based in Ohio.  Utz acquired certain assets of Shearer's in late March 2015, at which time Utz hired Mr. Jurden and other Ohio-based RSPs who had worked for Shearer's before the acquisition.

Mr. Jurden, however, is no longer a party to this lawsuit.  Rather, he voluntarily dismissed his claims against Utz after Utz's attorneys notified Named Plaintiffs' counsel that Utz intended to take the position that Mr. Jurden and the other former Shearer's employees, including those that had filed "consents" to join this action, were all subject to the Motor Carrier Act exemption from the FLSA because they had been driving trucks that had a gross vehicle weight rating of over 10,000 pounds (*i.e.,* "Large Trucks") – both when employed by Shearer's and after being hired by Utz.  Thereafter, Mr. Jurden and the other former Shearer's RSPs who had filed consents voluntarily dismissed their claims.  Docket No. 21.  This action then proceeded with the remaining two Named Plaintiffs, neither of whom resides in Ohio, along with the other non-Shearer's RSPs who have filed consents to join this action.[1]

Accordingly, there is no longer a named plaintiff who resides in Ohio, nor is there an RSP who has filed a "consent" to join this action who resides in Ohio.  Thus, the connection of this nationwide class action to Ohio, from the standpoint of the plaintiffs, has essentially

---

[1] The Second Amended Complaint also modified the description of the class, changing it from "[a]ll workers who were employed by Defendant Utz as a route delivery driver, route salesman, or similar position ("Route Driver"), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less . . . ." to "[a]ll former and current route sales persons ("RSPs") who were employed by Defendant Utz, spent all or part of their workweek driving an Utz vehicle with a Gross Vehicle Weight Rating of 10,000 pounds or less . . . ." *Compare* Complaint and First Amended Complaint at ¶ 3 *with* Second Amended Complaint at ¶ 3.

disappeared.  Named Plaintiff Julio Cruz is a resident of Pennsylvania and Named Plaintiff Jason Swiger is a resident in West Virginia.  SAC ¶¶ 4-5.  Further, *none* of the Ohio-based RSPs who are former Shearer's RSPs are now eligible to file "consents" to join this collective action, inasmuch as the Second Amended Complaint limits the class to those RSPs who drive trucks of no more than 10,000 pounds gross vehicle weight rating.  SAC ¶ 3.

As discussed below, Pennsylvania is the state which, by a wide margin, has the largest number of RSPs who would be eligible to join this action if it were certified.  Further, forty-five percent (45%) of all of the RSPs who have, to date, filed consents to join this action (not including those who have been voluntarily dismissed) reside in Pennsylvania.  Likewise, virtually all corporate witnesses, relevant documents and pertinent information are located in Hanover, Pennsylvania, which is the site of Utz's corporate headquarters.

Thus, while venue in this district is still technically proper (because Utz conducts business in this District), the Parties believe that the limited connection to this venue does not justify the level of inconvenience that would be experienced by the current two Named Plaintiffs, members of any potential class, key witnesses, and Utz, if this action remained in Ohio.  To that end, Defendant sought the consent of Named Plaintiffs through counsel to a change of venue, and the Parties then agreed to the filing of this Joint Motion.

For all the foregoing reasons, the Parties respectfully request that the Court exercise its authority under 28 U.S.C. §1404(a) to transfer this lawsuit to the United States District Court for the Middle District of Pennsylvania, which is a more appropriate venue.

I.   STATEMENT OF FACTS AND ALLEGATIONS

   A.   <u>Location of the Parties and Putative Class Members</u>

Utz is the largest independent, privately-held snack brand in the United States.  Decl. ¶ 2. It produces and sells a variety of potato chips and other snack foods from Maine to Florida and

4

as far west as Louisiana. Decl. ¶ 3. Utz's corporate headquarters and principal place of business are located in Hanover, Pennsylvania. SAC ¶ 7; Decl. ¶ 5. Utz maintains no corporate-level offices outside of Hanover, Pennsylvania. Decl. ¶ 9.

Named Plaintiffs seek to represent a nationwide class of RSPs who worked for Utz in any state during the past three years. SAC ¶ 3. Named Plaintiff Jason Swiger is a former RSP who resides in West Virginia and, between 2010 and 2013, worked for Utz from a West Virginia distribution center. His territory included locations in West Virginia and Ohio. SAC ¶ 4; Decl. ¶ 8. Named Plaintiff Julio Cruz is an RSP who resides in Pennsylvania and, since 2001, has worked for Utz from a Pennsylvania distribution center and whose territory includes locations solely within Pennsylvania. SAC ¶ 5.

As of October 30, 2015, there were 20 persons who have filed consents indicating that they will join the putative class if that class is certified.[2] *See* Docket Nos. 2, 6, 11, 18, 24. Based on the declarations filed by those putative class members, nine reside in Pennsylvania, four reside in Virginia, two reside in West Virginia, two reside in New Jersey, two reside in Maryland, and one resides in Georgia. *See id.* None reside in Ohio.

With respect to other putative class members, Utz presently employs approximately 900 RSPs who live in 16 states and the District of Columbia. Decl. ¶ 13. Pennsylvania is the state where the largest number (333) and highest percentage (37%) of those RSPs reside. *Id.* As a matter of simple arithmetic, that state would be the one with the largest number of RSPs who would be eligible to join any potential class. The state with the next highest number (157) and

---

[2] This figure does not include the four Ohio residents who filed consent forms (Stephen Donnell, Steven VanVorhis, Brian Jurden, and Robert Bailey, Jr.) because they have subsequently been voluntarily dismissed from the action. *See* Docket Nos. 2, 4, 8, 9 (consents) and 21 (dismissals).

percentage (17%) of residents is Virginia, followed by North Carolina and Maryland. *Id.* Only 72 RSPs reside in all of Ohio, which is less than 8% of all RSPs. *Id.* ¶ 14.

### B.     Plaintiffs' Allegations

While Utz vigorously disputes the Named Plaintiffs' claims, those claims are relatively straightforward. Named Plaintiffs allege they and the putative class members were not exempt from the overtime provisions of the FLSA, that they worked hours in excess of 40 hours per work week, and that, therefore, they are entitled to overtime compensation. *See* SAC ¶¶ 33, 35.

### C.     Location of Potential Witnesses

The likely witnesses in this action will include Utz RSPs and Utz corporate employees. More RSPs are based out of Hanover, Pennsylvania than any other distribution facility. *See* Decl. ¶ 15. In fact, more than twice as many RSPs are based in Hanover than reside in all of Ohio. *Id.* ¶¶ 14-15. Likewise, all Utz corporate employees are based out of Hanover. *Id.* at ¶ 9. The employees who develop and maintain Utz's compensation programs are based there. *Id.* at ¶¶ 10-11. The employees responsible for sales and marketing, whose involvement in the sales process the Named Plaintiffs suggest defeats the application of the outside sales exemption and, thus, whose testimony will be critical to the case – are also based in Hanover, PA. See SAC ¶ 20, 25; Decl. ¶ 10. The employees responsible for training, human resources, record retention and information technology are also based there. *Id.* ¶¶ 10-11.

Utz corporate employees with oversight or responsibility for the RSPs do not travel regularly to Ohio for business. *Id.* at ¶¶ 6, 9. As a result, many witnesses will have to travel close to 400 miles to this courthouse, and counsel of record will need to travel to the Hanover, PA area continually in order to depose witnesses and otherwise complete the majority of discovery.

6

### D. Location of Important Documents

Named Plaintiffs' claims will require investigation into records concerning the wages, working conditions, job responsibilities and human resource practices pertaining to Utz RSPs. That discovery will be focused primarily in Hanover. All human resources and payroll documents are located in Hanover, PA. *Id.* at ¶¶ 11-12. Likewise, all documents relating to former RSPs, including Named Plaintiffs Swiger and Cruz and most of the persons who have filed consent forms to date, are maintained in Hanover, PA. *Id.* Although some disciplinary documents, attendance records, and achievement records (displays, awards, recognitions, etc.) may be maintained regionally, if those documents are needed in connection with the lawsuit, employees in Hanover, PA will be tasked with locating and collecting those documents. *Id.* ¶ 12. In short, virtually every key document is located in Hanover, PA, to the extent that Named Plaintiffs' claims focus on documents within Utz's control. As a result, all document collection and production activities relating to the discovery process will be focused in the Middle District of Pennsylvania and not in the Southern District of Ohio.

## II. DISCUSSION AND ANALYSIS

### A. The Legal Standard for Transfer of Venue

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might otherwise have been brought." 28 U.S.C. § 1404(a). Section 1404(a) intends "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). As this Court has previously noted, "[i]n ruling on a Section 1404(a) motion, the Court…should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *EGRSCO, LLC v.*

7

*Evans Garment Restoration, LLC,* 2009 U.S. Dist. LEXIS 94507, at *4 (S.D. Ohio Oct. 8, 2009) (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995)).  To obtain a transfer of venue, the moving party generally must show that: (1) plaintiff could have filed the action in the transferee forum; (2) transfer serves the private interests of the parties; and (3) transfer serves the public interest.  *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *see also* 28 U.S.C. § 1404(a).

> **B.**    **Plaintiff Could Have Brought This Action in the Middle District of Pennsylvania**

In considering a § 1404(a) transfer motion, the threshold inquiry is "whether the proposed alternative venues are 'district[s] or division[s] where [the action might] have been brought.'" *Zimmer Enters. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) (*quoting* 28 U.S.C. § 1404(a)); *AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1339 (S.D. Ohio 1982).  This requires the court to ask (1) whether the transferee court could exercise original jurisdiction over the case; (2) whether that court would have personal jurisdiction over the defendants; and (3) whether venue would be proper in that court.  *See Zimmer*, 478 F. Supp. 2d at 990.  A lawsuit may be brought in any venue in which the court has subject matter jurisdiction if venue is proper and if the defendant "is amenable to process issuing out of the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2004).  This case meets all three requirements: the U.S. District Court of the Middle District of Pennsylvania could have exercised original jurisdiction over the case; the court has personal jurisdiction over Utz; and venue is proper in that court.

First, the United States District Court for the Middle District of Pennsylvania could exercise original jurisdiction over this lawsuit because it involves only claims under the FLSA, a federal law over which any federal district court has subject matter jurisdiction.  *See* 28 U.S.C. §

1331.  Second, the Middle District of Pennsylvania will have personal jurisdiction over Utz because its principal place of business and its headquarters are located there.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  Third, venue would be proper in the Middle District of Pennsylvania because Utz is headquartered in Hanover, PA.  *See* 28 U.S.C. § 1391(b)-(c) (providing that a civil action may be brought in the judicial district where any defendant resides and that a corporate defendant is deemed to reside in any judicial district where it is subject to personal jurisdiction); Decl. ¶ 5.  Accordingly, this action could have been brought in the Middle District of Pennsylvania and, therefore, the threshold inquiry for transfer of venue to that court is satisfied.

        C.      <u>**The Private-Interest Factors Weigh Heavily in Favor of Transfer**</u>

The factors considered in making a decision to transfer to another venue are similar to *forum non conveniens*; however, transfers pursuant to §1404(a) may be granted "upon a lesser showing of inconvenience." *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214, (S.D. Ohio 1989) (*quoting Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  While there are no set factors the Court is required to examine, factors considered when determining whether the parties' private interests favor transfer include: (1) the convenience for the parties and witnesses; (2) accessibility of evidence; (3) the ability to compel the attendance of unwilling witnesses; and (4) the costs of attendance for willing witnesses. *EGRSCO*, 2009 U.S. Dist. LEXIS 94507, at *5; *see Reese v. CNH America LLC*, 574 F. 3d 315, 320 (6th Cir. 2009); *Svete v. Wunderlich*, 2009 U.S. Dist. LEXIS 92846, at *6 (S.D. Ohio Sept. 15, 2009); *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989); *AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1340-44 (S.D. Ohio 1982).  Each of these factors favors transfer of this suit to the United States District Court for the Middle District of Pennsylvania.

9

1. **Convenience of the Potential Witnesses and Parties Favors Transfer to the Middle District of Pennsylvania**

This is a wage dispute alleging that Named Plaintiffs and other current and former RSPs were not properly compensated for overtime work. SAC ¶ 3. Utz maintains that RSPs are exempt from the overtime provisions of the FLSA under the outside sales exemption and, therefore, are not entitled to be paid for overtime work under the FLSA. To the extent that the likely witnesses will include RSPs, far more RSPs are based in Hanover, PA than in any other location, and more RSPs are reside in Pennsylvania than in any other state. Decl. ¶¶ 13, 15. To the extent that the witnesses will include corporate employees of Utz, including those with overall responsibility for human resources, training, sales and marketing, compensation, including the creation and implementation of the RSP commission structure, and most other aspects of RSP employment, those witnesses are also based in Hanover, PA. *Id.* ¶¶ 10-11. Likewise, Hanover, PA is the location of Utz's corporate headquarters. *Id.* ¶ 5.

When considering the convenience to potential witnesses, the Court may also take into account the potential disruption of Utz's business and the cost of transporting and housing such witnesses in a foreign venue. *See, e.g.*, *Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp. 193, 198 (S.D. Ohio 1981) (finding that the cost of transporting witnesses to the current venue would "constitute a substantial burden on all parties" and weighed in favor of transfer). The relevant witnesses do not travel regularly to Ohio for work. Decl. ¶ 9. Utz's corporate offices are located approximately 392 miles – a six-hour trip – from the Southern District of Ohio. *See* Decl. ¶ 17. By contrast, Utz's corporate offices are located approximately 38 miles – a trip of under one hour – from the courthouse for the Middle District of Pennsylvania in Harrisburg, PA. *See* Decl. ¶ 16.

Moreover, another consideration favoring transfer is the availability of compulsory process to ensure the participation of any potentially key witnesses who are reluctant to testify, given that such witnesses are much more likely to reside within one hundred miles of the Middle District of Pennsylvania. *See* Fed. R. Civ. P. 45(c). While Utz has no intention and would never instruct its employees not to cooperate as witnesses, it cannot guarantee that all potential witnesses, especially any former employees, will voluntarily travel to Columbus to testify in this lawsuit. Regardless of Utz's ability to exert pressure on its current employees to participate as witnesses if called upon, the convenience of witnesses remains "of the utmost importance." *ITS Fin., LLC v. Advent Fin. Servs., LLC*, 2010 U.S. Dist. LEXIS 95025, at *7 (S.D. Ohio Aug. 23, 2010).

In short, the convenience of the most important witnesses and the availability of compulsory process over them favors transfer of this action. Such considerations have persuaded district courts within the Sixth Circuit to transfer venue in FLSA lawsuits in similar circumstances.[3] Consequently, the location of the Parties and potential witnesses favors transfer to the Middle District of Pennsylvania.

      2.      <u>The Sources of Proof Are in the Middle District of Pennsylvania</u>

Similar to the location of the witnesses, the majority of documents relevant to this lawsuit are located in Hanover, PA. While it is a less important factor in the § 1404(a) analysis, the location of documents and other sources of proof should be considered. *See Bartell v. LTF Club Operations Co.*, 2015 U.S. Dist. LEXIS 21263, at *12 (S.D. Ohio Feb. 23, 2015).

---

[3] *See, e.g., Jewell v. Aaron's, Inc.*, 2012 U.S. Dist. LEXIS 22315, at *9-10 (N.D. Ohio Feb. 21, 2012) (granting defendant's motion to transfer venue of a FLSA collective action where "nearly all of the witnesses involved in this action reside in and around the Northern District of Georgia" along with many "documents relevant to this action.").

The types of documents important to an action under the FLSA include records concerning wages, working conditions, job responsibilities and human resource practices of Utz. The vast majority of those documents are located in Hanover, PA and the small number of documents that may be held by regional managers in other locations, if required, would need to be collected and reviewed by individuals in Hanover.  Decl. ¶¶ 10-12.  Consequently, the location of the key documents and other sources of proof in this action also favors transfer to the Middle District of Pennsylvania.

   **D.** **The Public Interest Factors Weigh In Favor of Transfer**

District courts within the Sixth Circuit consider a variety of factors when deciding whether the public interest favors transfer, including: "(1) enforceability of judgment; (2) practical considerations that would make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; and (5) "the familiarity of the court with applicable state law."  *EGRSCO*, 2009 U.S. Dist. LEXIS 94507, at *5; *see Quality Gold, Inc. v. West*, 2012 U.S. Dist. LEXIS 70938, at *6-7 (S.D. Ohio May 22, 2012); *Pearle Vision, Inc. v. N.J. Eyes, Inc.*, 2009 U.S. Dist. LEXIS 281, at *24 (S.D. Ohio Jan. 6, 2009); *Am. Pan Co. v. Lockwood Mfg.*, 2006 U.S. Dist. LEXIS 69066, at *9-11 (S.D. Ohio Sept. 26, 2006).  While this list is not exhaustive, any public interest factors considered by this Court confirm that the Middle District of Pennsylvania is the proper forum for this lawsuit.

First, any judgment in this lawsuit would be enforceable in the Middle District of Pennsylvania, as Utz's corporate headquarters are located in Hanover.  Further, in considering the practicalities of trying this lawsuit in the Middle District of Pennsylvania versus in the Southern District of Ohio, it is clear that trial would be more "easy, expeditious, or inexpensive" if this suit proceeded in Pennsylvania.  *See EGRSCO*, 2009 U.S. Dist. LEXIS 94507, at *5.  As

previously explained, most of the key witnesses and documents, in addition to the majority of persons likely to join this suit, are located in and around Hanover, Pennsylvania. Plaintiffs will continually have to travel to Hanover, PA to conduct discovery, and it will be significantly easier to facilitate discovery, coordinate depositions and access witnesses if this suit is tried in the Middle District of Pennsylvania.

Third, Plaintiffs will receive a speedy trial in the Middle District of Pennsylvania. According to the statistics from the Administrative Office of the United States Courts, the median time elapsed from initial filing to final disposition in the Southern District of Ohio was 9.1 months for the twelve-month period ending June 30, 2015. *Fed. Judicial Caseload Stats.*, U.S. District Courts – National Judicial Caseload Profile (June 2015), *available at* http://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics. In comparison, the median time elapsed from initial filing to final disposition in the Middle District of Pennsylvania for the same period was 9.6 months, a negligible difference. *Id.* In addition, trial will be less costly for the majority of persons involved in this litigation if it takes place in the Middle District of Pennsylvania, given that the majority of witnesses and documents are located and accessible there. The coordination of travel of both documents and witnesses will inevitably delay the final disposition of this lawsuit if it proceeds in the present Court.

Fourth, there is no pressing local interest that warrants litigation in this venue. Courts have rejected arguments that Ohio has an interest in providing a forum for its residents as "unpersuasive" in FLSA putative nationwide collective actions where plaintiffs seek "to certify a nationwide class that could include non-Ohio residents." *Hanlon v. Takeda Pharmaceuticals N.A., Inc.*, 2011 U.S. Dist. LEXIS 42122, at *11-12 (N.D. Ohio 2011) (granting motion to transfer venue to location of defendant's corporate headquarters). Similarly, in this action, Utz

reasonably anticipates that the majority of persons who would join Named Plaintiffs in this lawsuit would not be from Ohio.  As previously explained, Utz has only a small number of RSPs who reside in Ohio.  The highest concentration of persons likely to join this suit is within Pennsylvania where a large number of RSPs reside and where Utz' headquarters is located.

Fifth, because this is a purely federal action, there is no state law issue that would warrant keeping the action in Ohio.

### E. Plaintiff's Choice of Forum Does Not Tip the Balance Away From Transfer

Courts also consider the plaintiffs' choice of forum in deciding whether to grant a motion to transfer venue.  *See AC Strip, Receiver for CBCA Administrators, Inc. v. Loge Group, LLC*, 2010 U.S. Dist. LEXIS 85065, at *9 (S.D. Ohio Aug. 19, 2010); *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 289 (S.D. Ohio 2008).  In that regard, Named Plaintiffs have joined in, and support, this motion to transfer venue.

In sum, Named Plaintiffs seek to represent a nationwide class under federal law that could potentially include persons from 16 different states in which Utz RSPs reside.  As a result, after the voluntarily dismissal of former Named Plaintiff Jurden and the other three former Shearer's employees who reside in Ohio, the State of Ohio and this Court have no particular interest in this litigation.  In contrast, the state and federal forum that have the greatest interest in this litigation are the Commonwealth of Pennsylvania and the United States District Court for the Middle District of Pennsylvania, where the largest concentration of RSPs and virtually all of the important witnesses and relevant documents are located.

### III. CONCLUSION

The remaining connections between this lawsuit and the Southern District of Ohio are insufficient for continuing to proceed in this venue.  Accordingly, the Parties respectfully request

that this Court transfer this lawsuit to the United States District Court for the Middle District of Pennsylvania, Harrisburg.

Dated:  November 16, 2015                              Respectfully submitted,

| | |
|---|---|
| /s/ Anthony Lazzaro (per 11/16/15 email authority) | /s/ Erik J. Clark |
| Hans A. Nilges (0076017) | Douglas R. Cole (0070665) |
| hans@ohlaborlaw.com | drcole@organcole.com |
| Shannon M. Draher (0074304) | Erik J. Clark (0078732) |
| sdraher@ohlaborlaw.com | *Trial Attorney* |
| NILGES DRAHER LLC | ejclark@organcole.com |
| 4580 Stephen Circle, N.W. | ORGAN COLE LLP |
| Suite 201 | 1330 Dublin Road |
| Canton, OH  44718 | Columbus, OH 43215 |
| Telephone: 330.471.4428 | Telephone: 614.481.0900 |
| Facsimile: 330.754-1430 | Facsimile: 614.481.0904 |
| | |
| | Christopher J. Moran |
| Anthony J. Lazzaro (0077962) | *pro hac vice application forthcoming* |
| anthony@lazzarolawfirm.com | moranc@pepperlaw.com |
| THE LAZZARO LAW FIRM, LLC | PEPPER HAMILTON LLP |
| 920 Rockefeller Building | 3000 Two Logan Square |
| 614 W. Superior Avenue | Eighteenth and Arch Street |
| Cleveland, OH  44113 | Philadelphia, PA  19103-2799 |
| Telephone: 216.696.5000 | Telephone: 215.981.4169 |
| Facsimile: 216.696.7005 | Facsimile: 215.981.4750 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Utz Quality Foods, Inc.* |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 13, 2015, a copy of the foregoing Defendant's Motion to Transfer Venue and supporting Memorandum of Law was electronically filed with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the following:

    Hans A. Nilges (0076017)
    hans@ohlaborlaw.com
    Shannon M. Draher (0074304)
    sdraher@ohlaborlaw.com
    NILGES DRAHER LLC
    4580 Stephen Circle, N.W.
    Suite 201
    Canton, OH  44718
    Telephone: 330.471.4428
    Facsimile: 330.754-1430

    Anthony J. Lazzaro (0077962)
    anthony@lazzarolawfirm.com
    THE LAZZARO LAW FIRM, LLC
    920 Rockefeller Building
    614 W. Superior Avenue
    Cleveland, OH  44113
    Telephone: 216.696.5000
    Facsimile: 216.696.7005

    *Attorneys for Plaintiffs*

    /s/ Erik J. Clark
    *One of the Attorneys for Defendant Utz Quality Foods, Inc.*