UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SWIGER and JULIO CRUZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UTZ QUALITY FOODS, INC.<br><br>Defendant. | ) CASE NO.: 1:15-cv-02196<br>)<br>)<br>) CHIEF JUDGE CHRISTOPHER C.<br>) CONNER<br>)<br>)<br>)<br>) **ORDER APPROVING FLSA**<br>) **SETTLEMENT**<br>)<br>) |

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Settlement reached by the Parties and memorialized in the Joint Stipulation of FLSA and Class Action Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declarations of Anthony J. Lazzaro and Hans A. Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Settlement, the Agreement as it

Exhibit C

applies to the FLSA, the proposed FLSA Notice, the proposed Consent and Release Form, the proposed Service Awards to the FLSA Class Representatives Jason Swiger and Julio Cruz, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of Route Sales Professionals (RSPs) of Defendant Utz Quality Foods, Inc. ("Utz") who were not paid overtime compensation at the rate of one and one-half their regular rate of pay for all hours they worked over 40 each workweek.

2. On September 15, 2015, Brian Jurden ("Mr. Jurden"), an individual, on behalf of himself and others similarly situated, filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 against Defendant Utz Quality Foods, Inc. ("Utz") in the United States District Court for the Southern District of Ohio, Case No. 2:15-cv-2833.

3. On September 22, 2015, the Complaint was amended to include Jason Swiger and Julio Cruz as named Plaintiffs.

4. On October 29, 2015, by stipulation of the Parties, the Complaint was amended to dismiss Brian Jurden. Jason Swiger and Julio Cruz remain named Plaintiffs and representatives of those similarly situated to them.

5. On November 17, 2015, the action was transferred to the United States District Court for the Middle District of Pennsylvania and docketed at Case No. 1:15-cv-2196.

6. Consistent with the terms of the Parties' Settlement Agreement and by Stipulation, Plaintiff's Third Amended Complaint to add Rule 23 Class Action claims for relief for alleged violations of wage and hour laws in Maryland, North Carolina, Pennsylvania, and New Jersey and adds as additional named plaintiffs Julia Williams (as class representative of the Maryland class), Tom Holt (as class representative of the North Carolina class), Nicholas DeRose (as class representative of the New Jersey class), and Julio Cruz as class representative of the Pennsylvania class was attached to the Parties Motion as Exhibit 4. The Parties also attached, as Exhibit 5, Defendant's Answer to Third Amended Complaint. The Parties moved this Honorable Court to grant Plaintiff leave to file Plaintiffs' Third Amended Complaint.

7. Between December 2015 and January 2017, the Parties engaged in informal and formal comprehensive discovery regarding Plaintiffs' claims and Defendant's defenses to such claims. This included written discovery, including interrogatories and exchanging thousands of documents, multiple depositions, and a complete analysis of each FLSA Class Member's overtime damages.

8. The Parties engaged in extensive legal discussion and correspondence surrounding the Parties' positions, providing legal authority and arguments on both sides, which included numerous and lengthy discussions and written communications.

9. In February and March 2017, the Parties engaged in mediation that began at a formal mediation in New York City on February 7, 2017, with the assistance of Mediator Michael D. Young of JAMS. The mediation extended several weeks thereafter under the Mediator's auspices, which led to a proposed settlement of the Action on the terms set forth in the attached Settlement Agreement.

10. The Parties reached the proposed settlement in this matter after extensive research, discovery, legal debates, discussions, correspondence, and good faith bargaining.

11. The Settlement will cover FLSA Class Representatives, the Existing Opt-In Party Plaintiffs, and all of the Eligible Settlement Participants identified in Appendix A of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

12. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit D to the Parties' Joint Motion for Final Approval of FLSA Settlement. The Eligible

Settlement Participants may return Consent and Release Forms to Class Counsel within forty-five (45) days after the mailing of the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the forty-five (45) day period to be timely.

13. The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the FLSA Class Representatives, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be released and dismissed with prejudice.

14. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the FLSA Class Representatives, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

15. The Court approves the Agreement and its Exhibits, including the proposed FLSA Notice and the proposed Consent Form, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the FLSA Settlement as to the FLSA Class Representatives, Existing Opt-In Plaintiffs, and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

16. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of FLSA and Class Action Settlement and Release an Appendix providing the names of the Existing Opt-In Party Plaintiffs and the Eligible Settlement Participants.

17. The Court approves the FLSA Class Representative Payments to FLSA Class Representatives Jason Swiger and Julio Cruz in recognition of their services in the Action and for executing a general mutual release of all claims, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

18. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Settlement Agreement, and

orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

19. The Court dismisses the claims of the FLSA Class Representatives, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order Approving FLSA Settlement immediately.

20. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**

Date: June 14, 2017

Honorable Christopher C. Conner
United States District Chief Judge

**SO STIPULATED:**

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113

/ s/ Brian P. Downey
Brian P. Downey
Pepper Hamilton LLP
Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181

Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
NILGES DRAHER LLC
7266 Portage Street, N.W.
Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Class Counsel

downeyb@pepperlaw.com

Richard J. Reibstein
Pepper Hamilton LLP
620 Eighth Avenue
37th Floor
New York, NY 10018
reibsteinr@pepperlaw.com

Christopher J. Moran
Lee E. Tankle
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
moranc@pepperlaw.com

Kali T. Wellington-James
Pepper Hamilton LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
wellingk@pepperlaw.com

*Counsel for Defendant*