UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SWIGER and JULIO CRUZ, on behalf of themselves and others similarly situated, | ) CASE NO.: 1:15-cv-02196 ) ) ) CHIEF JUDGE CHRISTOPHER C. |
| Plaintiffs, | ) CONNER ) |
| vs. | ) ) **PRELIMINARY ORDER** |
| UTZ QUALITY FOODS, INC. | ) **APPROVING CLASS ACTION** ) **SETTLEMENT AGREEMENT** |
| Defendant. | ) **AND NOTICE** |

Rule 23 Class Representatives Julio Cruz, Julia Williams, Tom Holt, and Nicholas DeRose ("Rule 23 Class Representatives") and Defendant Utz Quality Foods, Inc. ("Defendant" or "Utz") have moved the Court to preliminarily approve, as fair and reasonable, a Class Action Settlement Agreement ("Settlement Agreement") between Rule 23 Class Representatives and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"), the Declarations of Anthony J. Lazzaro and Hans A. Nilges appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting

Exhibit E

preliminary approval of the Rule 23 Class Action Settlement, and approving notice to Rule 23 Class Members, as follows:

1. Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

2. On September 15, 2015, Brian Jurden ("Mr. Jurden"), an individual, on behalf of himself and others similarly situated, filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 against Defendant Utz Quality Foods, Inc. ("Utz") in the United States District Court for the Southern District of Ohio, Case No. 2:15-cv-2833.

3. On September 22, 2015, the Complaint was amended to include Jason Swiger and Julio Cruz as named Plaintiffs.

4. On October 29, 2015, by stipulation of the Parties, the Complaint was amended to dismiss Brian Jurden. Jason Swiger and Julio Cruz remain named Plaintiffs.

5. On November 17, 2015, the action was transferred to the United States District Court for the Middle District of Pennsylvania and docketed at Case No. 1:15-cv-2196.

6. Consistent with the terms of the Parties' Settlement Agreement and by Stipulation, Plaintiff's Third Amended Complaint to add Rule 23 Class Action claims for relief for alleged violations of wage and hour laws in Maryland, North

Carolina, Pennsylvania, and New Jersey and adds as additional named plaintiffs Julia Williams (as class representative of the Maryland class), Tom Holt (as class representative of the North Carolina class), Nicholas DeRose (as class representative of the New Jersey class), and Julio Cruz as class representative of the Pennsylvania class was attached to the Parties Motion as Exhibit 4. The Parties also attached, as Exhibit 5, Defendant's Answer to Third Amended Complaint. The Parties moved this Honorable Court to grant Plaintiffs leave to file Plaintiffs' Third Amended Complaint.

7. Between December 2015 and January 2017, the Parties engaged in informal and formal comprehensive discovery regarding Plaintiffs' claims and Defendant's defenses to such claims. This included written discovery, including interrogatories and exchanging thousands of documents, multiple depositions, and a complete analysis of each Rule 23 Class Member's overtime damages.

8. The Parties engaged in extensive legal discussion and correspondence surrounding the Parties' positions, providing legal authority and arguments on both sides, which included numerous and lengthy discussions and written communications.

9. In February and March 2017, the Parties engaged in mediation that began at a formal mediation in New York City on February 7, 2017, with the assistance of Mediator Michael D. Young of JAMS. The mediation extended

several weeks thereafter under the Mediator's auspices, which led to a proposed settlement of the Action on the terms set forth in the attached Settlement Agreement.

10. The Parties reached the proposed settlement in this matter after extensive research, discovery, legal debates, discussions, correspondence, and good faith bargaining.

11. The Parties' Motion for Preliminary Approval of Class Action Settlement was filed on April 3, 2017.

12. The Settlement Agreement proposes to settle claims of Rule 23 Class Representatives and the proposed Classes in Pennsylvania, Maryland, North Carolina, and New Jersey. The proposed Class Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

13. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

14. The Court grants Plaintiffs leave to file a Third Amended Complaint, in the form attached to the Parties' Motion as Exhibit 4, to add Rule 23 Class Actions for alleged wage claims in the Commonwealth of Pennsylvania and the States of New Jersey, Maryland, and North Carolina being brought by separate

class representatives for each such state, and Defendant's Answer to the Third Amended Complaint, in the form attached to the Parties' Motion as Exhibit 5.

15. As to Rule 23 Class Representatives and the Classes they respectively represent, the Court finds that the proposed settlement classes qualify for provisional certification under Rule 23(a) and (b)(3) and the proposed settlement qualifies for preliminary approval under Rule 23(e). The proposed settlement classes satisfy Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Rule 23 Class Representatives Julio Cruz, Julia Williams, Tom Holt, and Nicholas DeRose are adequate representatives of the respective Classes of which they are a member of and which they seek to represent, and possesses the same interests and suffered the same alleged injuries as the other members of the classes they seek to respectively represent. The definition of the Classes encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Classes are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable and adequate as to the Classes.

16. The Court provisionally certifies, for settlement purposes only, the Classes, pursuant to Rule 23(a) and (b)(3) as follows:

> All current and former Route Sales Professionals employed by Utz Quality Foods, Inc. in Maryland, North Carolina, Pennsylvania, and New Jersey between March 1, 2014 and September 30, 2016 who have not opted-in to the pending FLSA collective action involving Defendant.

17. The Court approves, for settlement purposes only, Julio Cruz (for Pennsylvania), Julia Williams (for Maryland), Tom Holt (for North Carolina), and Nicholas DeRose (for New Jersey) as Rule 23 Class Representatives, and appoints as class counsel Anthony J. Lazzaro and Chastity L. Christy of The Lazzaro Law Firm, LLC and Shannon M. Draher and Hans A. Nilges of Nilges Draher, LLC.

18. The Court provisionally approves, for settlement purposes only, the Service Awards to Rule 23 Class Representatives in recognition of their services in this Action.

19. The Court provisionally approves, for settlement purposes only, the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

20. The Court grants preliminary approval of the proposed settlement as to the Classes under Rule 23(e).

21. The Court directs that the members of the classes be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed settlement may be

considered. The proposed Rule 23 Notice attached as Exhibit F to the Settlement Agreement is approved as to substance, form, and manner of distribution.

22. The Fairness Hearing will be held on _a mutually convenient date_ [DATE TO **BE SET BY COURT MORE THAN 75 DAYS AFTER THIS ORDER IS ENTERED]** at _____ [TIME TO BE SET BY COURT]. Class Members requesting exclusion from the Classes and/or objecting to the Classes or the settlement must timely request exclusion and/or file objections in the time and the manner set forth in the form of Notice attached as Exhibit F to the Settlement Agreement. Specifically, Class Members must take such steps by not later than forty-five (45) days after the initial mailing of Notice.

23. The Court approves the proposed Rule 23 Class Notice and orders that it be distributed to the members of the classes in the manner described in the Settlement Agreement.

24. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Class Notice was distributed to the members of the classes in the form and manner approved herein.

25. The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than thirty (30) days after the deadline for Class Members to opt-out of the Settlement and/or object to the Settlement.

26. If Final Approval is not granted, this Order, which provisionally approves classes for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose.

27. The Court orders that, pending Final Approval, each Class Member is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

IT IS SO ORDERED this 14th day of June, 2017.

Honorable Christopher C. Conner
United States District Chief Judge